## SUPERIOR COURT

Peter Cymbal
vs.
Arthur Gurnik } No. 56945

RESCRIPT

September 15, 1924

GREENE, J. Action of tresspass for assault and battery. Heard on defendant's motion for a new trial af-ter verdict for plaintiff.

The grounds of the motion are the usual grounds and the ground of new-ly discovered evidence.

In my opinion the verdict is sus-tained by a fair preponderance of the testimony and the amount thereof is not excessive.

The newly discovered evidence con-sists of a written statement by one of the witnesses for the plaintiff in direct conflict with his testimony on the witness stand. The statement was

made before the trial and shortly after the assault. It is in the form of an affidavit which was sworn to by the witness before a notary public, and given to the attorney who then represented the defendant. The affidavit was secured for said attorney in preparation for the defence of a criminal complaint for the assault here sued upon, and at the trial of the complaint it was used by the defendant to discredit the witness, who testified for the prosecution.

The existence of the statement was, therefore, well known to the plaintiff at the time of the trial of this case and can not be said to be newly discovered evidence, even although its existence was not known to the attorney who represented the defendant at this trial. Furthermore, the fact that a witness has made conflicting statements which impeach or tend to impeach his testimony is not generally a ground for a new trial in this State.

Roberts vs. Roberts, 19 R. I. 349.

Jones vs. N. Y., N. H. & H. R. R. Co., 20 R. I. 214.

Timony vs Casey, 20 R. I. 257.

State vs. Kemp, 37 R. I. 572.

This is particularly true where the witness has not been prosecuted and convicted of perjury.

Blake vs. R. I. Co., 32 R. I. 213.

Motion for a new trial is therefore denied.

For Plaintiff: John R. Higgins.

For Defendant: J. E. Brown.